```
Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL DYEING & PRINTING, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SIZZLE CITY CORP., a California corporation; and DOES 1-10,<br><br>Defendants. | Case No.<br><br>**PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br><u>Jury Trial Demanded</u> |

Universal Dyeing & Printing, Inc. ("Universal" or "Plaintiff") hereby prays to this Court for relief based on the following allegations:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Universal is a California corporation.

5. Upon information and belief, Defendant Sizzle City Corp. ("Sizzle City") is a California corporation with its principal places of business located at 400 E. Sunset Ave., San Gabriel, CA 91776; and 1005 E. Las Tunas Dr., #630, San Gabriel, CA 91776.

6. Upon information and belief, Defendants Does 1-10 (collectively, "DOE Defendants") (altogether with Sizzle City, "Defendants") are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of DOE Defendants are presently unknown to Plaintiff, which therefore sues said DOE Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Upon information and belief, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## SIZZLE CITY'S INFRINGEMENT OF UNIVERSAL'S COPYRIGHTS IN THE SUBJECT DESIGN

8. Universal owns an original two-dimensional artwork used for purposes of textile printing entitled UA16107 and registered with the U.S. Copyright Office (the "Subject Design").

///

9. Universal widely disseminated the Subject Design to numerous parties in the fashion and apparel industries.

10. Following Universal's distribution and publication of the Subject Design, Defendants, and each of them, created, manufactured, distributed, offered for sale, sold, and otherwise exploited fabric and/or garments featuring a design that is strikingly and/or substantially similar to the Subject Design without a license, authorization, or consent from Universal (collectively, the "Offending Products"). Representative examples of the Subject Design, along with non-exhaustive examples of the Offending Products, are below:

| Subject Design | Offending Products |
|---|---|
| UA16107 | |

| Subject Design | Offending Products |
|---|---|
|  | (image of patterned leggings) |

11. In August 2022, Universal sent correspondence to Sizzle City requesting that it cease-and-desist from its use of the Offending Products and provide Universal with information regarding those uses so the parties could explore an amicable, pre-litigation resolution. Sizzle City did not respond.

12. Sizzle City continued to offer the Offending Products for sale in August 2023.

///

///

///



# FIRST CLAIM FOR RELIEF

**(For Copyright Infringement – Against All Defendants, and Each)**

13. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

14. Upon information and belief, Defendants, and each of them, had access to the Subject Design, including through (a) Plaintiff's showroom and/or design library; (b) unlawfully distributed copies of the Subject Design by third-party vendors and/or DOE Defendants (e.g., international and/or overseas converters and printing mills); (c) Plaintiff's strike-offs and samples; and/or (d) garments in the marketplace manufactured with lawfully printed fabric bearing the Subject Design.

15. Upon information and belief, Plaintiff alleges that one or more of the Defendants is a garment manufacturer and/or vendor; that said Defendant(s), and each of them, has/have an ongoing business relationship with Defendant retailers, and each of them; that said Defendants supplied garments, including the Offending Products, to said Defendant retailers; and that said Defendant retailers used the Offending Products as alleged above.

16. Due to Defendants' acts of copyright infringement, Plaintiff has suffered damages in an amount to be established at trial.

17. Due to Defendants' acts of copyright infringement, Defendants, and each of them, have obtained profits they would not have realized but for their infringement of Plaintiff's copyrights in the Subject Design. Plaintiff is entitled to disgorgement of Defendants' profits attributable to the infringement of Plaintiff's copyrights in the Subject Design in an amount to be established at trial.

18. Upon information and belief, Defendants have committed copyright infringement with actual or constructive knowledge, or in reckless disregard, of Plaintiff's copyrights in the Subject Design, such that said acts of copyright infringement were, and continue to be, willful.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

a. That Defendants, each of them, their respective agents, and anyone working in concert with Defendants and/or their agents, be enjoined from importing, manufacturing, distributing, offering for sale, selling, or otherwise trafficking in any product that infringes Plaintiff's copyrights in Subject Design, including the Offending Products;

b. That Plaintiff be awarded all Defendants' profits, and all Plaintiff's losses, attributable to the infringement, the exact sum to be proven at the time of trial; or alternatively, if elected, statutory damages under 17 U.S.C. § 504;

c. That Plaintiff be awarded its attorneys' fees under 17 U.S.C. § 505;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: August 18, 2023

DONIGER/BURROUGHS

By: /s/ Stephen M. Doniger
Stephen M. Doniger, Esq.
Trevor W. Barrett, Esq.
Benjamin F. Tookey, Esq.
*Attorneys for Plaintiff*